UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRYANT E. WILSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:19-CV-516-WCL-SLC |
| MIKE HENSON, et al., | |
| Defendants. | |

OPINION AND ORDER

Plaintiff Bryant E. Wilson filed a complaint while being held at the Grant County Jail. Since he is representing himself, the Court will construe the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, because Mr. Wilson is incarcerated, pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id*.

Mr. Wilson's complaint is nearly identical to the complaint in another case he has before this Court, Case No. 1:19-CV-449. Mr. Wilson is suing five defendants, each of them for unrelated claims. For example, he's suing the Grant County drug court coordinator Mike Henson for racial discrimination, alleging that the drug court is dominated by white males. Next, he claims that the MRT therapy is also plagued by the same problem and wants Tyler Small to be held accountable. After that, he brings

claims against his court-appointed counsel for failing to adequately represent in him in court. He's also suing the prosecutor. Finally, he is alleging unsuitable jail conditions.

Plaintiffs may bring multiple unrelated claims against a single party, but unrelated claims against different defendants belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . ."). Here, Mr. Wilson's claims fall into several unrelated categories against five different defendants and involve unrelated circumstances.

When a pro se plaintiff files a lawsuit with unrelated claims, this Court's practice is to allow him to decide which claim (or group of related claims) to pursue in the instant case and to allow him to decide whether to bring the remaining claims in separate lawsuits. This is the fairest solution to the plaintiff because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009). Therefore, Mr. Wilson will be given an opportunity to file an amended complaint that includes only the related claims that he wants to pursue in this cause of action. If he does not amend his complaint, or if the amended complaint also asserts unrelated claims, the Court on its own will pick which claim(s) will proceed in this case.

For these reasons, the Court:

2

(1) GRANTS Mr. Wilson until **January 8, 2021**, to file an amended complaint that includes only related claims arising out of the same occurrence or series of occurrences; and

(2) CAUTIONS him that if he fails to respond by this deadline, or if the amended complaint persists in unrelated claims, the Court will pick which claim(s) he's allowed to proceed with in this case and dismiss the rest of them.

SO ORDERED on November 30, 2020.

                                                s/William C. Lee  
                                                JUDGE WILLIAM C. LEE  
                                                UNITED STATES DISTRICT COURT